<pre>
 1                 IN THE UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF NORTH CAROLINA
 2
   UNITED STATES OF AMERICA        ) Greensboro, North Carolina
 3                                  ) February 7, 2014
        vs.                         )
 4                                  )
   CRAIG STANFORD EURY,             )
 5                                  ) Case No. 1:14CR39-1
        Defendant.                  )
 6   _____)
   UNITED STATES OF AMERICA        )
 7                                  )
        vs.                         )
 8                                  )
   SARAH ELIZABETH FARRELL,         )
 9                                  ) Case No. 1:14CR39-2
        Defendant.                  )
10   _____)
   UNITED STATES OF AMERICA        )
11                                  )
        vs.                         )
12                                  )
   INTERNATIONAL LABOR MANAGEMENT   )
13   CORPORATION,                    )
                                    ) Case No. 1:14CR39-3
14        Defendant.                 )
   _____)
15
                   TRANSCRIPT OF INITIAL APPEARANCE
16            BEFORE THE HONORABLE L. PATRICK AULD
                   UNITED STATES MAGISTRATE JUDGE
17
   APPEARANCES:
18
   For the Government:  FRANK JOSEPH CHUT, AUSA
19                       Office of the U.S. Attorney
                         101 S. Edgeworth Street, 4th Floor
20                       Greensboro, NC  27401

21   For the Defendant:  KEARNS DAVIS, ESQUIRE
   (Eury)               Brooks Pierce
22                       POB 26000
                         Greensboro, North Carolina 27420-6000
23
   For the Defendant:  JOSHUA BRIAN HOWARD, ESQUIRE
24   (Farrell)           Gammon, Howard & Zeszotarski, PLLC
   (Int'l Labor)        115 1/2 W. Morgan St.
25                       Raleigh, NC 27601
</pre>

1                      I N D E X

2    WITNESSES: GOVERNMENT

3    None

4

5    WITNESSES: DEFENDANT

6    None

7

8

9    EXHIBITS:                              MARKED    RCVD

10   None

11

12

13

14

15

16

17

18

19

20

21

22   Court Reporter:     Joseph B. Armstrong, RMR, FCRR
23                       324 W. Market, Room 101
                         Greensboro, NC  27401
24
                     Proceedings typed from audio recording.
25                      (Transcriber, Sharon L. Armstrong.)

1          P R O C E E D I N G S

2          (Defendants present.)

3               MR. CHUT:  Good afternoon, Your Honor.

4               THE COURT:  Good afternoon, Mr. Chut.

5               MR. CHUT:  Your Honor, the first matter is on for

6     initial appearance and arraignment.  First, United States of

7     America versus Craig Stanford Eury, Jr., 1:14CR39-1, Mr. Eury

8     represented by Mr. Davis; second, 1:14CR39-2, United States of

9     America versus Sarah Elizabeth Farrell, Mr. Joshua Howard

10    representing Ms. Farrell; and finally, the United States versus

11    International Labor Management Corporation, Mr. Howard

12    representing International Labor, and that is 1:14CR39-3.

13               THE COURT:  Okay.  Thank you, Mr. Chut.  Good

14    afternoon, Mr. Davis.

15               MR. DAVIS:  Good afternoon, Your Honor.

16               THE COURT:  Mr. Howard.  For purposes of initial

17    appearance, let me address Mr. Eury and Ms. Farrell and

18    Mr. Howard on behalf of the Corporation.

19               It would appear that each of you are in court as a

20    result of your arrest on a warrant in connection with an

21    indictment that was issued by a grand jury for this district.

22    The indictment contains a number of charges.  It appears that

23    Count One charges a conspiracy to defraud the United States and

24    to commit offenses involved in bringing persons without lawful

25    status to the United States, or causing them to remain in the

1    United States, and that Mr. Eury and Ms. Farrell were charged

2    in Count One with the conspiracy.

3         Mr. Howard, do you agree that the conspiracy doesn't

4    purport to charge the Corporation?  I'm looking at

5    paragraph 22.  The Corporation is certainly referenced in some

6    of the background information, but paragraph 22 of Count One,

7    it appears that it alleges that Eury and Farrell and others,

8    but without specific reference to the Corporation, engaged in

9    the conspiracy that follows thereafter.

10        MR. HOWARD:  We agree, Your Honor.

11        THE COURT:  All right.  I'm not even sure if the

12   Corporation is capable of engaging in a conspiracy, but it does

13   appear at least in this case that they are.

14        So that would be Mr. Eury and Ms. Farrell in Count

15   One with conspiracy, and then in the -- Counts Two through

16   Thirty-six would charge Ms. Farrell and the Corporation with

17   substantive violations of the immigration-related statute that

18   is also referenced in the conspiracy, Counts Thirty-seven

19   through Forty charging Ms. Farrell and the Corporation with

20   certain document fraud -- government document fraud offenses,

21   and Count Forty-one with engaging in monetary transactions and

22   criminally-derived funds.

23        Now, each of those offenses -- well, let me look

24   before I speak.  Certainly, the conspiracy offense carries with

25   it a sentence of imprisonment of more than one year.  The

immigration-related substantive offenses, it would appear, it's
alleged that those are of a sort that would also carry with
them a sentence of more than one year in prison.

In light of those facts, each of you has certain
rights that I must advise you of at this time.  First, you have
the right to retain or to request the appointment of counsel,
which means that you can hire a lawyer, as it appears you've
done in this case, or if you continue -- could not afford to do
so, you could ask the Court to direct a lawyer to represent you
at no cost to you.

Mr. Eury, do you understand that if for some reason
Mr. Davis was not able to continue representing you, and you
felt like you couldn't hire another lawyer, that you could ask
the Court to appoint one for you?

DEFENDANT EURY:  Yes, Your Honor.

THE COURT:  All right.  And Ms. Farrell, do you
understand that as well?

DEFENDANT FARRELL:  Yes, Your Honor.

THE COURT:  All right.  And I don't believe the
Corporation would have the right to appointed counsel, so I
don't think that would apply as to them, Mr. Howard.

You also have the right to have the Court consider
whether you should be released on conditions, which means being
let out on what some people refer to as bail or bond.  Do you
understand that, Mr. Eury?

1    DEFENDANT EURY:  Yes, Your Honor.

2    THE COURT:  And do you, Ms. Farrell?

3    DEFENDANT FARRELL:  Yes, Your Honor.

4    THE COURT:  And again, that wouldn't be an issue for

5 the Corporation.

6    Finally, each of you has the right to remain silent,

7 which means that you have the right to refuse to answer any

8 question if a truthful answer might tend to incriminate you in

9 any way.  And so just for example, you could refuse to answer

10 any question related to these charges that I've described,

11 whether put to you in a courtroom like this or outside of

12 court.  Do you understand that, Mr. Eury?

13    DEFENDANT EURY:  Yes, Your Honor.

14    THE COURT:  And do you, Ms. Farrell?

15    DEFENDANT FARRELL:  Yes, Your Honor.

16    THE COURT:  All right.  And again, Mr. Howard, I'm

17 not sure what rights the Corporation has in that regard, but

18 I'm sure you will make sure that they understand whatever those

19 rights are.  Is that right?

20    MR. HOWARD:  Yes, sir, I will.

21    THE COURT:  Okay.  All right.  For purposes of

22 arraignment then, Mr. Davis, have you had a chance to review

23 with Mr. Eury a copy of the indictment?

24    MR. DAVIS:  Yes, Your Honor.

25    THE COURT:  And after doing that, do you believe he

1    understands what he's been charged with?

2              MR. DAVIS:  I do, Your Honor.

3              THE COURT:  Would he waive reading of the full

4    document?

5              MR. DAVIS:  Yes, Your Honor.

6              THE COURT:  And would you tell me his plea?

7              MR. DAVIS:  Not guilty, Your Honor.

8              THE COURT:  All right.  And did you have a chance to

9    obtain the scheduling order?

10             MR. DAVIS:  We did.

11             THE COURT:  All right.  And did you have an extra

12   copy that he could have?

13             MR. DAVIS:  Yes.

14             THE COURT:  All right.  Mr. Eury, that scheduling

15   order, I know that Mr. Davis will review that carefully with

16   you, but I'll just say for your benefit that it's a document

17   that sets out important deadlines for your case, and you should

18   cooperate with Mr. Davis to see that those deadlines are met.

19   Do you understand?

20             DEFENDANT EURY:  Yes.

21             THE COURT:  All right.  And Ms. Farrell, do -- well,

22   first, Mr. Howard, did you also have a chance to review the

23   indictment with Ms. Farrell?

24             MR. HOWARD:  I have, Your Honor.

25             THE COURT:  And do you believe that she understands

1  it?

2          MR. HOWARD:  I believe she does.

3          THE COURT:  And does she waive the full reading of

4  it?

5          MR. HOWARD:  She does.

6          THE COURT:  Would you tell me her plea?

7          MR. HOWARD:  Not guilty.

8          THE COURT:  And did you also have a chance to obtain

9  two copies of the scheduling order?

10          MR. HOWARD:  Yes, Your Honor.

11          THE COURT:  All right.  And I know you'll review that

12  with Ms. Farrell; but Ms. Farrell, did you hear what I said

13  about the deadlines and the need to cooperate with your

14  attorney to see that they're met?

15          DEFENDANT FARRELL:  Yes, Your Honor.

16          THE COURT:  All right, very good.  All right.

17  Mr. Howard, for purposes of the Corporation, do you believe

18  that the appropriate corporate officials had a chance to review

19  the indictment with you?

20          MR. HOWARD:  I believe they have, yes, sir.

21          THE COURT:  All right.  And that those with

22  responsibility understand the nature of the charge?

23          MR. HOWARD:  I do.

24          THE COURT:  And would they also waive the full

25  reading of the indictment?

```
1            MR. HOWARD:  They will.

2            THE COURT:  And what's the plea?

3            MR. HOWARD:  Not guilty.

4            THE COURT:  And obviously, you've covered -- you have

5    the scheduling order and you can review that with the

6    appropriate corporate officials as well.

7            MR. HOWARD:  I will.

8            THE COURT:  Thank you.  Mr. Chut, what's the

9    Government's position on release?

10            MR. CHUT:  Your Honor, the Government has agreed to

11    the terms of release with both the defendants.  They can be

12    released on an unsecured bond, Your Honor, under supervision of

13    pretrial (inaudible), and they already surrendered their

14    passports.

15            THE COURT:  All right.  Did you want to be heard on

16    any of these conditions, Mr. Davis?

17            MR. DAVIS:  Your Honor, I have -- I believe they're

18    the same conditions that I have spoken about this morning with

19    Ms. Wilkins and that we do not wish to be heard on those, Your

20    Honor.

21            THE COURT:  All right.  And Mr. Howard, did

22    Ms. Farrell have a position on any of the release conditions?

23            MR. HOWARD:  No, Your Honor.  We have the same

24    conditions as well.

25            (Short pause.)
```

1          MR. HOWARD:  Thank you, Your Honor.

2          THE COURT:  It's all right.  Take your time.  All

3 right.  Mr. Eury -- is Mr. Eury able to stand up, or would

4 he --

5          MR. DAVIS:  Yes.  Yes, Your Honor.

6          THE COURT:  Okay.  Then I'll just review these

7 conditions with you, Mr. Eury.  First, you must not violate any

8 federal, state, or local law while you're on release.  Do you

9 understand?

10          DEFENDANT EURY:  Yes, Your Honor.

11          THE COURT:  You also must cooperate in the collection

12 of a DNA sample if it's authorized by federal law.  Do you

13 understand?

14          DEFENDANT EURY:  Yes.

15          THE COURT:  You must advise the Court or your

16 supervising officer in writing before you make any change in

17 your residence or telephone number.  Do you understand?

18          DEFENDANT EURY:  Yes, Your Honor.

19          THE COURT:  And you must appear in Court as required,

20 and, if convicted, you must surrender to serve any sentence

21 that is imposed.  Do you understand?

22          DEFENDANT EURY:  Yes.

23          THE COURT:  All right.  We've talked about the fact

24 that there is a scheduling order, and that has some specific

25 dates for when you might need to be in court again depending on

1 whether you're going to enter a guilty plea or have a jury
2 trial.  Mr. Davis can explain to you, though, that sometimes
3 those specific dates have to be changed depending on the number
4 of cases that have to be heard and other factors, and so it's
5 important that you stay in close touch with Mr. Davis to make
6 sure you know when you need to be in court and to be there.  Do
7 you understand?
8           DEFENDANT EURY:  Yes.
9           THE COURT:  All right.  It's also going to be
10 provided that you submit to supervision by a probation officer
11 as they direct, which means they're going to set up a schedule
12 for how and when they want to interact with you, and you must
13 follow their directions.  Do you understand?
14           DEFENDANT EURY:  Yes.
15           THE COURT:  You're also to continue in or actively
16 seek employment.  Do you understand?
17           DEFENDANT EURY:  Yes.
18           THE COURT:  You're also to surrender any passport
19 that you have to the probation office.  Do you understand?
20           DEFENDANT EURY:  Yes.
21           THE COURT:  Mr. Davis, do you know the whereabouts of
22 any passport?
23           MR. DAVIS:  I gave it to Ms. Wilkins this morning,
24 Your Honor.
25           THE COURT:  All right.  Thank you.  Then in addition,

1  Mr. Eury, you're not to obtain any other passport or

2  international travel document.  Do you understand?

3             DEFENDANT EURY:  Yes.

4             THE COURT:  You're also not to possess a firearm, a

5  destructive device, or other dangerous weapon.  Do you

6  understand?

7             DEFENDANT EURY:  Yes.

8             THE COURT:  Do you have any firearms in the home

9  where you live?

10            DEFENDANT EURY:  No.

11            THE COURT:  You're also not to use alcohol

12  excessively.  Do you understand?

13            DEFENDANT EURY:  Yes.

14            THE COURT:  And you're not to use or unlawfully

15  possess a narcotic drug or other controlled substances as

16  defined by federal law unless it's been prescribed to you by a

17  licensed medical practitioner.  Do you understand?

18            DEFENDANT EURY:  Yes.

19            THE COURT:  And you are to submit to testing for a

20  prohibited substance if it's required of you by your

21  supervising officer, which could be random testing in the form

22  of urine testing, wearing a sweat patch, remote alcohol

23  testing, or any other form of prohibited substance screening.

24  You should not obstruct, tamper or attempt to do so with any of

25  these monitoring mechanisms.  Do you understand?

1          DEFENDANT EURY:  Yes.

2          THE COURT:  Finally, you're to report as soon as

3  possible any contact that you have -- every contact that you

4  have -- with law enforcement, including any arrests,

5  questioning, or traffic stops.  Do you understand?

6          DEFENDANT EURY:  Yes.

7          THE COURT:  All right.  And then very finally, we're

8  going to have an unsecured bond of $100,000, which means you're

9  not going to have to post any money today.  But if for some

10  reason you were to violate any of the conditions, you could

11  become subject to the entry of a judgment in that amount which

12  could -- the United States then could attempt to collect from

13  you in any lawful manner.  Do you understand?

14          DEFENDANT EURY:  Yes.

15          THE COURT:  All right.  Do you have any questions

16  about any of these conditions?

17          DEFENDANT EURY:  I do not.

18          THE COURT:  All right.  Then Mr. Davis, I'll give you

19  a copy of this release order for Mr. Eury to sign on page 3,

20  and then there's a separate form for the appearance bond now

21  for him to sign about the middle of page 2.

22          MR. DAVIS:  Thank you.

23          THE COURT:  Thank you.  Thank you, sir.  All right.

24  I did witness Mr. Eury sign documents, so I'm going to sign

25  them as well that will provide for his release after

1    processing.

2            All right.  Ms. Farrell -- Mr. Eury, you can have a

3    seat.  Thank you.  Ms. Farrell, these are the conditions in

4    your case.  You must not violate any federal, state, or local

5    law while you're on release.  Do you understand?

6            DEFENDANT FARRELL:  Yes.

7            THE COURT:  You also must cooperate in the collection

8    of a DNA sample if it's authorized by federal law.  Do you

9    understand?

10           DEFENDANT FARRELL:  Yes.

11           THE COURT:  You must advise the Court or your

12   supervising officer in writing before you make any change in

13   your residence or telephone number.  Do you understand?

14           DEFENDANT FARRELL:  Yes.

15           THE COURT:  You must appear in court as required,

16   and, if convicted, you must surrender to serve any sentence

17   that is imposed.  Do you understand?

18           DEFENDANT FARRELL:  Yes.

19           THE COURT:  Now, as I mentioned a moment ago, you've

20   got a scheduling order, and it has specific dates in it when

21   you are to be in court again, depending on whether you enter a

22   guilty plea or have a jury trial.  Mr. Howard can talk with you

23   further about those matters, including explaining to you that

24   sometimes those specific dates have to be adjusted based on the

25   number of cases before the Court or other considerations.  So

1    it's important that you stay in close touch with Mr. Howard so

2    you stay on top of exactly when you need to be in court and be

3    there.  Do you understand?

4             DEFENDANT FARRELL:  Yes.

5             THE COURT:  All right.  We're also going to have in

6    this case a requirement of supervision by a probation officer

7    as they direct, which as I indicated, means that the probation

8    officer assigned to you will set up a schedule for how and when

9    they want to interact with you, and you have to follow their

10   instructions.  Do you understand?

11            DEFENDANT FARRELL:  Yes.

12            THE COURT:  You're also to continue in or actively

13   seek employment.  Do you understand?

14            DEFENDANT FARRELL:  Yes.

15            THE COURT:  And you are to surrender any passport to

16   the probation office.  Do you understand?

17            DEFENDANT FARRELL:  Yes.

18            THE COURT:  And Mr. Howard, what's the status of any

19   passport of Ms. Farrell's?

20            MR. HOWARD:  We surrendered it to Pretrial Services

21   this morning.

22            THE COURT:  All right.  Thank you, sir.  And then,

23   Ms. Farrell, you're also not to obtain any passport or other

24   international travel document.  Do you understand?

25            DEFENDANT FARRELL:  Yes.

1          THE COURT:  And you're not to possess a firearm, a

2   destructive device, or other dangerous weapon.  Do you

3   understand?

4          DEFENDANT FARRELL:  Yes.

5          THE COURT:  Do you have any firearms in the home

6   where you're living?

7          DEFENDANT FARRELL:  No.

8          THE COURT:  You are also not to use alcohol

9   excessively.  Do you understand?

10         DEFENDANT FARRELL:  Yes.

11         THE COURT:  And you are to -- not to use or

12  unlawfully possess a narcotic drug or other dangerous -- or

13  excuse me -- or other controlled substances as defined by

14  federal law unless it's been prescribed to you by a licensed

15  medical practitioner.  Do you understand?

16         DEFENDANT FARRELL:  Yes.

17         THE COURT:  And you are to submit to testing for a

18  prohibited substance if it's required of you by your

19  supervising officer, which could be random in nature in the

20  form of urine testing, wearing a sweat patch, remote alcohol

21  testing system, or any other form of prohibited substance

22  screening.  You should not obstruct, tamper, or attempt to do

23  so with any of these monitoring mechanisms.  Do you understand?

24         DEFENDANT FARRELL:  Yes.

25         THE COURT:  And you're also to report to the

1  probation office as soon as possible every contact that you

2  have with law enforcement, including any arrests, questioning,

3  or traffic stops.  Do you understand?

4          DEFENDANT FARRELL:  Yes.

5          THE COURT:  Finally, we're also going to have an

6  unsecured bond of $100,000 in your case, which means that

7  you're not going to have to post any money today; but if for

8  some reason you were to violate any of these conditions, you

9  could become subject to the entry of a judgment in that amount

10  against you, which the United States then could collect in any

11  lawful manner.  Do you understand?

12          DEFENDANT FARRELL:  Yes.

13          THE COURT:  Do you have any questions about any of

14  these conditions that I've set?

15          DEFENDANT FARRELL:  I do not.

16          THE COURT:  All right.  Then Mr. Howard, let me hand

17  down a copy of the appearance bond and the release order.

18  Page 2 of the appearance bond down the middle of the page would

19  be where Ms. Farrell would sign, and page 3 about two-thirds of

20  the way down on the actual release order.

21          MR. HOWARD:  Thank you, Your Honor.

22          THE COURT:  Thank you.

23          MR. HOWARD:  Your Honor, may I approach?

24          THE COURT:  Yes, please.  Thank you.  All right.  I

25  did witness Ms. Farrell executing the documents.  I verify the

1  presence of her signature as appropriate.  I'm signing as well

2  to provide for her release after processing.

3          All right.  Mr. Eury and Ms. Farrell, I need to give

4  each of you the following warnings.  I'm not singling you out

5  to do this, this is required in every case.  If you were to

6  violate any of these conditions of release, it could result in

7  the immediate issuance of a warrant for your arrest, revocation

8  of your release, an order of detention, forfeiture of any bond,

9  and a prosection for contempt of court, which could result in a

10 sentence of imprisonment, a fine, or both, that would be on top

11 of anything else that you might be facing.  Do you understand?

12          DEFENDANT FARRELL:  Yes.

13          DEFENDANT EURY:  Yes.

14          THE COURT:  And if, while you were released, you were

15 to commit another federal offense, you could become subject to

16 an additional term of imprisonment of up to 10 years that would

17 be on top of anything else that you might be facing.  Do you

18 understand?

19          DEFENDANT EURY:  Yes.

20          DEFENDANT FARRELL:  Yes.

21          THE COURT:  Each of you are also cautioned that it is

22 a crime punishable by up to 10 years in prison, a $250,000

23 fine, or both, to obstruct a criminal investigation, to tamper

24 with a witness, a victim or informant, to retaliate or attempt

25 to retaliate against a witness, victim, or informant, to

intimidate or attempt to intimidate a witness, victim, juror,

informant or officer of the court, and these penalties will be

greatly increased if your conduct involved killing or attempted

killing of anyone. Do you understand?

DEFENDANT EURY: Yes.

DEFENDANT FARRELL: Yes.

THE COURT: Finally, if after release you knowingly

fail to appear as these conditions require or you fail to

surrender to serve any sentence that was imposed, you could be

prosecuted for a separate offense for that conduct, which could

carry with it a sentence of imprisonment of up to 10 years, a

$250,000 fine, or both, again on top of anything else you might

be facing. Do you understand?

DEFENDANT FARRELL: Yes.

DEFENDANT EURY: Yes.

THE COURT: All right. Mr. Eury, any questions about

any of those warnings?

DEFENDANT EURY: I have none.

THE COURT: And Ms. Farrell?

DEFENDANT FARRELL: None.

THE COURT: All right. All right. Mr. Davis,

anything else we need to take up as to Mr. Eury?

MR. DAVIS: No thank you, Your Honor.

THE COURT: All right. And Mr. Howard, as to

Ms. Farrell?

1     MR. HOWARD:  Nothing for Ms. Farrell.

2     THE COURT:  Okay.  One other thing I wanted to

3   mention, Mr. Howard, was that because you had appeared on

4   behalf of both Ms. Farrell and the Corporation, I wanted to

5   acknowledge that, under Rule 44, the Court has a responsibility

6   to inquire about joint representation and to personally advise

7   each defendant of the right to effective assistance of counsel,

8   including separate representation.  It further states that

9   unless there is good cause to believe that no conflict of

10  interest is likely to arise, the Court must take appropriate

11  measures to protect each defendant's right to counsel.

12        At this point, all that's been done is a not guilty

13  plea has been entered on both Ms. Farrell's behalf and the

14  Corporation's behalf.  But Ms. Farrell, I want to make sure you

15  understand that you have the right to effective assistance of

16  counsel, which would include the right to have separate

17  representation from any other defendant in the case.  Do you

18  understand that?

19        DEFENDANT FARRELL:  I understand.

20        THE COURT:  All right.  And Mr. Howard, do you

21  believe the Corporation also understands that?

22        MR. HOWARD:  I do, Your Honor.

23        THE COURT:  All right.  And I know that you will take

24  responsibility for insuring that any possible conflict of

25  interests are dealt with in the case going forward, and the

1  Government is obviously on notice that this situation exists;

2  and if they believe that other steps are required of the Court,

3  then the Government has the ability to take action or seek the

4  taking of action related to that.

5          Mr. Howard, anything else that you want to put on the

6  record about that subject?

7          MR. HOWARD:  Your Honor, if any potential conflict

8  manifests itself, we will take all appropriate action.

9          THE COURT:  All right.  Mr. Chut, anything you want

10 to be heard on?

11         MR. CHUT:  No, Your Honor.  Thank you.

12         THE COURT:  All right.  Mr. Chut, does that conclude

13 everything for this matter?

14         MR. CHUT:  It does, Your Honor.  Thank you, Your

15 Honor.

16         THE COURT:  All right, very good.  Marshal?

17 Mr. Davis and Mr. Howard, we'll have copies made of those --

18 that release paperwork so your clients can have that before

19 they leave today if they'd like.

20         MR. HOWARD:  Thank you, Your Honor.

21         (Proceedings concluded.)

22

23

24

25

1                    * * * * *

2                C E R T I F I C A T E

3      I certify that the foregoing is a correct transcript
       from the proceedings in the above-entitled matter.

4

5                        _____

6      Date: 06/02/2015      Joseph B. Armstrong, RMR, FCRR
                             United States Court Reporter
7                            324 W. Market Street
                             Greensboro, NC  27401

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25